IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-318(15) |
| | § | C.A. No. C-10-129 |
| ZACARIAS MONCIVAIS, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL,

Pending before the Court is Defendant Zacarias Moncivais' ("Moncivais") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (D.E. 752).[1] For the reasons stated herein, the Court will hold an evidentiary hearing on Moncivais' claim that his counsel was ineffective for failing to file a notice of appeal. Moncivais will be appointed counsel to represent him at the evidentiary hearing.

### I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In a multi-count, multi-defendant, second superseding indictment filed on August 26, 2008, Moncivais was charged in count one with conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and in count nine, of money

---

[1] Docket entry references are to the criminal case, Cr. No. 2:08cr318(15).

laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). (D.E. 442). Attorney Stephen Christopher McMains was appointed to represent Moncivais. (D.E. 211).

Pursuant to a written plea agreement (D.E. 367), on October 29, 2008, Moncivais pled guilty to count one. The plea agreement included a waiver of Moncivais' right to appeal, except under limited circumstances, and a waiver of his right to file any post-conviction motions, including any motions pursuant to 28 U.S.C. § 2255. (D.E. 367).

On January 12, 2009, Moncivais filed a letter motion seeking to have new counsel appointed. (D.E. 489). Moncivais related that he had received the pre-sentence investigation report (PSI), and that he and his family had been attempting to contact Mr. McMains to discuss the PSI, but that Mr. McMains was not returning any of the phone calls and had not discussed the PSI with him. Id. Moncivais requested that he be appointed new counsel. Id.

On January 15, 2009, a hearing was held on Moncivais' motion to substitute counsel. Moncivais withdrew his motion to substitute and stated that he wished to have Mr. McMains continue to represent him.

On May 7, 2009, the Court sentenced Moncivais to 235 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 612). The Court also imposed a $100 special assessment. Id. Judgment was entered on May 14, 2009. (D.E. 612.) Moncivais did not file a direct appeal.

On May 3, 2010, the Clerk received Moncivais' motion pursuant to 28 U.S.C. § 2255, with a supporting memorandum. (D.E. 752.)

On June 10, 2010, the Court ordered the government to respond to Moncivais' § 2255

motion, (D.E. 759), and on November 5, 2010, the government filed its response. (D.E. 781). On January 7, 2011, Moncivais filed a reply to the government's response. (D.E. 785).

### III. GROUNDS FOR RELIEF

Moncivais contends that his appointed counsel, Mr. McMains, was ineffective because he: (1) failed to file a notice of appeal; (2) failed to argue that Moncivais played a minor role such that he was entitled to a § 3B1.2 downward departure; and (3) failed to challenge the reasonableness of the sentence by raising such issues as Moncivais' history and character, his competency, and the disparity between sentences.[2] Moncivais also argues that his trial counsel was ineffective prior to the plea agreement, such that his plea of guilty was not voluntary.

In its response, the government contends that Moncivais' claims are barred by his voluntary and enforceable waiver of § 2255 rights. (D.E. 781). However, the government agrees that Moncivais is entitled to an evidentiary hearing to determine whether he requested that Mr. McMains file a direct appeal. Id. at 7-8.

### IV. DISCUSSION

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484.

---

[2] Moncivais claims that a manager in the conspiracy received a seven-year prison term, while he received 235 months, although he was only a driver.

3

Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

The United States concedes that, under Fifth Circuit authority, an evidentiary hearing is necessary to determine whether McMains failed to appeal although instructed by Moncivais to do so. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on Movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights). Although Moncivais has not provided extensive detail regarding any discussion between him and McMains regarding an appeal, the Court is nonetheless unable to determine on the current record that Moncivais is not entitled to relief, because the issue will turn on the credibility of Moncivais and his prior counsel. Accordingly, an evidentiary hearing is necessary to resolve this issue. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Moncivais' motion, it is unnecessary for the Court to address them at this time. If the Court rules in Moncivais' favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Moncivais' remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct

appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Moncivais' ineffective assistance claim concerning the failure to appeal, it will subsequently address his remaining grounds for relief.

## V. CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing to address Moncivais' claim that counsel failed to appeal after being requested to do so. Moncivais is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Motions 8(c). Moncivais has already submitted financial information in conjunction with his request for a transcript at government expense, and that information supports the conclusion that he is financially eligible for counsel under 18 U.S.C. § 3006. Accordingly, the Office of the Federal Public Defender is hereby appointed to represent Monsivias at the evidentiary hearing. *An evidentiary hearing is set for 1:30 p.m. on Thursday, June 2, 2011.*

The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender, in addition to sending a copy directly to Moncivais and counsel for the United States.

It is so ORDERED this 29 day of March, 2011.

*[signature]*
U.S. District Judge